IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| PATTI BEELER, as parent and natural guardian of her minor child,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | No. C09-0019<br><br>ORDER REGARDING ATTORNEYS' FEES |

This matter comes before the Court on the Motion for Award of Attorneys' Fees and Other Expenses (docket number 31) filed by the Plaintiff on December 10, 2009, and the Response (docket number 32) filed by the Defendant on December 21, 2009.

In her motion, Plaintiff asks that she be awarded attorneys' fees and expenses pursuant to 28 U.S.C. Section 2412(d). Specifically, Plaintiff asks that she be awarded attorneys' fees in the amount of $14,433.50, plus expenses (including the filing fee) of $363.20. In its response, Defendant asserts that the application is "premature." Defendant notes that a party seeking an award of fees and other expenses must submit an application to the Court "within thirty days of final judgment in the action." *See* 28 U.S.C. § 2412(d)(1)(B). "Final judgment" means a judgment which is no longer appealable. *See* 28 U.S.C. § 2412(d)(2)(G). Defendant asserts that "[t]he judgment in this case will not be 'final' until January 22, 2010." Accordingly, Defendant asks that the application for fees "be held in abeyance until the expiration of the appeal period."

The Court believes that the issue of attorney fees may be determined independently of any appeal which may be taken by Defendant. *See Obin v. District No. 9 of Intern. Ass'n. of Machinists*, 651 F.2d 574, 584 (8th Cir. 1981) ("A motion for an assessment of

attorney's fees raises a collateral and independent claim for determination by the district court."). That is, regardless of whether Defendant elects to appeal the Court's judgment on the merits, Plaintiff's claim for attorneys' fees must be determined in any event. The time frame set forth in Section 2412(d)(1)(B) establishes a *deadline* for a party to submit an application for fees, but it does not prevent an earlier application for fees. Accordingly, the Court believes that the issue of attorney fees may be resolved without waiting for the appeal period to expire.[1]

In his response to Plaintiff's motion for attorneys' fees, Defendant does not comment on the reasonableness of the fees requested by Plaintiff. Defendant will be given an additional seven days in which to file any supplemental response.

## ORDER

IT IS THEREFORE ORDERED that Defendant may supplement his response to Plaintiff's motion for attorneys' fees, if he chooses to do so, not later than **January 5, 2010**. Plaintiff's Motion for Award of Attorneys' Fees and Other Expenses will be deemed fully submitted at that time.

DATED this 29th day of December, 2009.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

---

[1] If Defendant is dissatisfied with the Court's ruling on Plaintiff's motion for fees, he can then appeal from both Orders at the same time. *See Maristuen v. National States Ins. Co.*, 57 F.3d 673, 678 (8th Cir. 1995).